[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10179
Non-Argument Calendar

_____

D.C. Docket No. 3:17-cv-00361-LC-EMT

REX GAINEY,

Plaintiff-Appellant,

versus

RICHARD AUSTIN,
Law Enforcement Officer,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 27, 2019)

Before BRANCH, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Rex Gainey, a *pro se* prisoner, appeals the district court's grant of summary judgment for police officer Richard Austin, thus rejecting Gainey's 18 U.S.C. § 1983 claim. The district court relied upon two separate and independent reasons: first that Gainey's excessive force claim was barred by *Heck v. Humphrey*;[1] and second, that Austin was entitled to qualified immunity. On appeal, Gainey argues that the district court erred in granting summary judgment on qualified immunity grounds because a genuine issue of material fact exists as to whether Gainey knew Austin was a law enforcement officer and thereby whether Austin's use of force was reasonable.

Although we liberally construe *pro se* litigant's pleadings, they must nonetheless conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). To obtain reversal of a district court judgment that is based on multiple, independent grounds an appellant must convince us that every stated ground for the judgment against him is incorrect. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) (affirming the district court's decision without a review of the merits because the plaintiff failed to address one of the court's alternative holdings in its brief on appeal). When an appellant fails to challenge properly on appeal one of the grounds on which the district court based

---

[1] *Heck v. Humphrey*, 512 U.S. 477 (1994).

2

its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed. *Id.*

Here, Gainey failed to brief a challenge to the district court's grant of summary judgment on *Heck* doctrine grounds. The district court adopted the magistrate judge's R&R and granted summary judgment on the two independent grounds it articulated, requiring that both grounds be challenged on appeal. *See Sapuppo*, 739 F.3d at 680. Because Gainey failed to address the district court's grant as to *Heck,* he is deemed to have abandoned the issue. *Id.* Accordingly, we affirm the district court's ruling.

**AFFIRMED.**